SAMUEL M. MELICK v. CYRUS D. KELLEY.

FILED JANUARY 19, 1898.   No. 7737.

Contracts. To establish an express contract there must be shown what amounts to a definite proposal and an unconditional and absolute acceptance thereof.

ERROR from the district court of Lancaster county. Tried below before STRODE, J. *Affirmed.*

*J. L. Caldwell,* for plaintiff in error.

*Webster, Rose & Fisherdick, contra.*

IRVINE, C.

Kelley brought this action against Melick to recover an unpaid portion of a promissory note executed by de-

fendant to plaintiff.   The defense was that the note was given as part consideration for the sale by plaintiff to defendant of certain real estate; that after it became due a contract had been entered into whereby the note was to be surrendered upon the defendant's executing to plaintiff a reconveyance of the real estate, and sending the deed to a bank in Cheyenne for delivery to plaintiff, upon plaintiff's surrender to the bank of the note; that defendant had complied with his part of the contract, but plaintiff had refused to accept the deed or surrender the note.  The plaintiff had judgment and the defendant prosecutes this proceeding in error.

It would be useless to rehearse the evidence in detail. It wholly fails to disclose the consummation of any contract between the parties, such as the defendant pleads. The negotiations were entirely by means of letter.   The first letter, which apparently contained a proposition from Kelley to Melick, is not in evidence, nor is there any proof of its contents.   Nowhere in the evidence does there appear any proof as to what lands were to be reconveyed.   If all which Kelley had conveyed to Melick were contemplated, it appears that the offer was not complied with, because, while the deed tendered covered all the property, it appears that two lots had by Melick been conveyed to a stranger, and the deed was to be delivered only on the erasure of the descriptions of those two lots. Furthermore, the deed was sent with a demand that Kelley should agree to refund all taxes which Melick had paid.   This coupled the acceptance of Kelley's proposition with a condition, which for its enforcement required a counter-acceptance by Kelley which was not given.   In any view, assuming for the proposal all that defendant claims, there was no absolute, unconditional acceptance thereof, and the contract was not completed.   To establish an express contract it is necessary to show a definite proposal and an unconditional and absolute acceptance thereof.

AFFIRMED.