FRANK A. GAGE v. CLARA E. WEST.

FILED OCTOBER 1, 1901.  No. 10,083.

1. Amendment of Pleading: JUDICIAL DISCRETION. The granting or refusing of amendment of pleadings is committed to the sound discretion of the trial court.

2. ———: ABUSE OF DISCRETION. It is an abuse of discretion to refuse the amendment of a pleading tendered in the furtherance of justice.

ERROR from the district court for Grant county. Tried below before KENDALL, J. *Reversed.*

*William Mitchell,* for plaintiff in error.

*J. C. Porter* and *C. L. Gutterson, contra.*

NORVAL, C. J.

Frank A. Gage commenced an action to replevy certain cattle from Clara E. West, who, in her answer, alleged that she had taken the cattle under a chattel mortgage given by Gage to her to secure a promissory note of his. In reply Gage admitted the execution and delivery of the note and mortgage, but alleged a failure of consideration,

for the reason that the consideration for which they were given was the promise of said Clara to marry him, which promise she had failed to perform, but had married another man. The reply was inartistically drawn, but no attempt to assail it for insufficiency was made until the trial, when objection was made and sustained to the introduction of testimony tending to prove the allegations. Plaintiff asked leave of court to amend the reply, which request was refused, and a verdict was rendered in favor of defendant. From the judgment rendered thereon plaintiff comes here on error.

The court below abused its discretion in refusing to permit plaintiff to amend his reply. It is the settled law of this state that the power to permit or refuse amendments of pleadings is discretionary with the trial court; but this is a legal discretion which may be abused when an amendment is refused which is clearly in furtherance of justice. *Mills v. Miller,* 3 Nebr., 87, 95; *O'Dea v. Washington County,* 3 Nebr., 118, 122; *Berrer v. Moorhead,* 22 Nebr., 687, 692. The amendment offered falls clearly within the principle announced in these and many other cases decided by this court. The judgment is therefore reversed and the case remanded with leave to plaintiff to amend his reply and for further proceedings.

REVERSED.

SULLIVAN, J., absent, not voting.