WALTER J. LAMB, APPELLANT, V. HENRY H. WILSON ET AL., APPELLEES.

FILED JUNE 8, 1905.   No. 13,891.

APPEAL from the district court for Lancaster county: EDWARD P. HOLMES, JUDGE. *Reversed. Judgment for plaintiff.*

*Walter J. Lamb* and *Joseph Wurzburg,* for appellant.

*Wilson & Brown* and *Ricketts & Ricketts, contra.*

LETTON, C.

This is an appeal from a decree rendered in an action for an accounting and settlement of partnership affairs. This controversy has already been before us three times, and is reported in 3 Neb. (Unof.) 496, 505, and 70 Neb. 729. We refer to these opinions for a full statement of the facts. At the last trial in the district court, that court proceeded to try the issues as it understood the mandate

of the supreme court, found that nothing was due from either of said parties to the other, and adjudged that the action be dismissed and that each party pay half of the costs. Both parties appeal from this decree.

The plaintiff contends that the district court disregarded the mandate and refused to investigate certain matters which were properly at issue, and which should have been examined into; and further, that the findings of the district court with reference to a number of the charges allowed in favor of the defendants are not sustained by·competent evidence. The defendants, on the other hand, insist that the judgment of this court and its mandate directed the district court to treat the evidence and findings of the court already in the record as before the court in the further hearing of the case, and that all findings of fact made by the district court, not disturbed by this court upon appeal, stand affirmed and should not be reexamined. The mandate is as follows: "It is ordered that the judgment of reversal heretofore entered in this case be so modified as to direct the district court to hear such additional evidence as may be requisite for a complete statement of the accounts between the parties, and restate such accounts and render judgment accordingly in accordance with the law as stated in the syllabus of the opinion upon the last hearing, without regard to the findings of fact, or distribution of items, and partial statement of accounts contained in said opinion." It will be observed that the district court is directed "to hear such additional evidence as may be requisite for a complete statement of the accounts between the parties." This language plainly imports that the district court is required to take only such *additional* evidence as may be necessary. This evidently requires the consideration by the district court of all the evidence previously taken in the case, and renders unnecessary the repetition of testimony already taken.

From an examination of the record it appears that the principal dispute between the parties is with regard to the amounts severally due in what is termed the *Houston-Gran*

case, the case of *Maynard v. Hecht*, and the case of the *Chattanooga Foundry & Pipe Co. v. Orleans*. In both of the former opinions the matters in difference with reference to these claims were examined and discussed, and in the last opinion, written by Mr. Commissioner AMES, certain principles were laid down in the syllabus governing the proper disposition of the amounts received for the service of the members of the partnership after the firm had ceased to undertake the conduct of new business, and merely existed for the purpose of winding up the business. As to the fee in the *Houston-Gran* case, under the rule thus established, Ricketts & Wilson were entitled to receive and retain the reasonable value of their services and disbursements in all subsequent and supplementary proceedings made necessary by the effort to collect the judgment, and were only required to account to the firm for the balance of the amount realized by them after their fees were paid. The district court took evidence upon the value of these services and found that they were entitled to receive as compensation for the same the sum of $550.05, and they were required to account to Lamb, Ricketts & Wilson for the sum of $1,597, being the money remaining in their hands after payment of their attorneys' fees for services after judgment. We think from the evidence that, when the district court fixed the sum of $550.05 as the value of the defendants' services in the collection of the Houston-Gran judgment, it must have had in view the other side of the account, and valued the services to the end that the accounts should balance. The value of these services was variously estimated by different witnesses, one witness placing their value from $1,000 to $1,200; another from $800 to $1,000; another $875, and still another at the sum of $375. These witnesses had no interest in the controversy. From a consideration of all the evidence, we are of the opinion that these services were reasonably worth $875, and that the defendants should account to the partnership for $1,272.06 on account of the Houston-Gran collection. In the matter of fees for serv-

ices rendered the Chattanooga Foundry & Pipe Company, it appears that, after a dispute had arisen between the parties to this suit as to the proper division of these fees, and after the charge of $300 had been made by Lamb for the sale of the judgment in the case against the city of Orleans, the facts with reference to the sale were reported to Ricketts & Wilson by a letter of July 30, 1895, and that on September 24 thereafter a settlement in full was made, as recited in the opinion of Commissioner DAY upon the first hearing of this case before this court. Upon a careful review of the evidence upon this matter, we believe this settlement was fairly made, and see no reason for disturbing the same. In the *Maynard-Hecht* case the firm had been paid for services in the lower courts, and services, for which Ricketts & Wilson seek to charge $400, were rendered by them in error proceedings in the supreme court of the United States. By agreement, however, only $60 was paid for these services rendered after judgment; and we think that, since the services were rendered by Ricketts & Wilson after judgment, they were entitled to the whole of the fee. We cannot consent to charge Lamb with a greater fee than was actually paid by the client.

As thus stated, the fund belonging to Lamb, Ricketts & Wilson amounts to $2,622.26, of which sum $60 is due Ricketts & Wilson for services in the *Hecht* case, leaving $2,562.26 for division, or $854.08 due each partner. Of this amount Lamb drew out and received $297.40, or $556.68 less than his share. Since Ricketts & Wilson retain the fund, he is entitled to recover this amount from them, and judgment should be rendered accordingly. We make no allowance for interest advisedly, since we think neither party is entirely blameless in the matter.

We recommend that the judgment of the district court be reversed, and judgment rendered in this court for the plaintiff for the sum of $556.68 and costs.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed; and it is considered, ordered and adjudged that the plaintiff have and recover from the defendant the sum of $556.68, and costs of suit.

JUDGMENT ACCORDINGLY.