DEAN S. EFNER ET AL., APPELLANTS, V. FLORENCE E. REYNOLDS, APPELLEE.

FILED FEBRUARY 10, 1921.    No. 21456.

1. Partnership: COMPENSATION. In commercial partnerships the right of a partner to compensation for individual services depends on contract, and in absence of an agreement for such compensation a claim therefor is tested by the laws governing partnerships.

2. ———: ———. In a commercial partnership engaged in a business with capital invested jointly by the partners, a managing partner is not entitled to a salary for individual services, or to an increase of authorized compensation, unless it is allowed by contract.

3. ———: ———: EDITORS. The principle that compensation for individual services of a partner depends on contract applies to a partner who edits and manages a newspaper.

4. ———: ———. The law that a partner is only entitled to such compensation for individual services as is authorize1 by contract applies to a managing partner while he is engaged in winding up partnership affairs.

APPEAL from the district court for Kearney county: WILLIAM A. DILWORTH, JUDGE. Reversed, with directions.

C. P. Anderbery and J. H. Robb, for appellants.

F. L. Carrico and J. L. McPheely, contra

---

---

Rose, J.

This is a suit in equity for a partnership accounting, for a judicial sale of partnership property and for a distribution of the proceeds of the sale. The name of the firm is the Minden News Publishing Company and its business is the publication of a weekly newspaper, called "The Minden News," in connection with job-printing. There are three partners—Dean S. Efner and his wife, plaintiffs, and Florence E. Reynolds, defendant. Plaintiffs reside in Long Beach, California. Defendant resides in Minden and is the editress of the Minden News and the manager of the partnership. The litigation grew out of a controversy over the claim of defendant for compensation for services. In her answer she joined plaintiffs in a demand for an accounting and for the closing of the partnership affairs. The material issues are the proportionate shares of the partners in the partnership property and defendant's claim for compensation. On these issues the findings of the trial court were in favor of defendant. From a decree in her favor plaintiffs have appealed.

The facts which determine the issues are shown without dispute. Dean S. Efner, plaintiff, was sole owner of the newspaper and job-printing plant March 1, 1908, when his investments therein were at least $3,800. At that time the enterprise was incorporated in the name it now bears and, ever since, its business has been conducted without interruption or substantial change. Capital stock to the extent of $5,000 in shares of $100 each was issued. When Dean S. Efner and defendant were both experienced in the newspaper and job-printing business, when they were familiar with the plant, and when they were capable of entering into contracts, they mutually agreed that the actual value of the corporate property was $4,000, or $80 a share. On that basis Dean S. Efner became the owner of 36 shares, and thereafter his investment in the corporate property was $2,880. On the same basis defendant bought 14 shares of the stock, and thereafter her investment was $1,120. Dean S. Efner, therefore, owned 2,880/4,000, or 18/25, of

the corporate property and defendant owned 1,120/4,000 of it, or 7/25. Dean S. Efner became president and defendant became secretary of the corporation. By-laws fixed the salary of the president at $5 a week and that of the secretary at $20 a week. For seven years, during the entire existence of the corporation, defendant was manager, and as such entered on the books of the corporation and paid the salaries mentioned.

By mutual consent the corporation was dissolved March 1, 1915, but the same business, with defendant as manager, was carried on as a partnership with the same property at the same place under the same name. The holders of the stock became partners with the proportionate shares of the capital invested unchanged. The partnership agreement was never reduced to formal articles, but in the firm name the salary of Dean S. Efner, $5 a week, and the salary of defendant, $20 a week, were entered on the partnership books by defendant and paid by her the same as before. This practice was continued without interruption from March 1, 1915, to April 21, 1919. Shortly after the partnership was formed plaintiffs moved to Long Beach, California, and to them defendant reported regularly the condition of the partnership affairs as shown by the partnership books kept by her. Prior to April 21, 1919, she never made any complaint to her partners that her salary was too low. She never asked for nor demanded an increase and never intimated that she had charged the firm with any item for extra compensation. Plaintiffs had no knowledge of any purpose on her part to claim an increase of salary, and never consented thereto, nor to any charge against the partnership therefor.

Under date of April 21, 1919, however, defendant notified Dean S. Efner by letter that she had kept a separate account of her salary and had charged the partnership $30 a week for 1915, 1916, and 1917, and $40 a week for 1918. She also made a demand for this extra compensation. Plaintiffs objected to any increase, and Dean S. Efner in a letter to her denounced the charges against th

partnership for extra compensation, or increase of salary, as unauthorized. An acrimonious controversy thus arose and this suit followed. In the meantime defendant has been in continuous control of the plant and is still managing the partnership property and business the same as formerly. Defendant made no charges for extra compensation in any partnership book, but testified that she made the charges on a book of her own. Plaintiffs knew nothing about this book or its contents. At the trial defendant was permitted to prove the value of her services and it was thus shown that her charges for extra compensation were reasonable. The facts narrated are necessary deductions from the evidence.

In a commercial partnership the right of a partner to compensation for individual services depends on contract, and in absence of an agreement for such compensation a claim therefor is tested by the laws governing partnerships.

In a commercial partnership engaged in a business with capital invested jointly by the partners, a managing partner is not entitled to a salary for his individual services, or to an increase of authorized compensation, unless it is allowed by contract. *Williams v. Pedersen,* 47 Wash. 472, and cases cited in note in 17 L. R. A. n. s. 394, and in note in L. R. A. 1917F, 575. The principle stated applies to a partner who edits and manages a newspaper. *Pierce v. Scott,* 37 Ark. 308.

The rule that a partner is only entitled to such compensation for individual services as is authorized by contract applies to the services of a managing partner while he is engaged in winding up partnership affairs. See cases cited in note 1, 17 L. R. A. n. s. 396, and in note in L. R. A. 1917F, 576.

Exceptions to these rules are sometimes recognized in law partnerships, where the profits depend on professional services of a personal nature, rather than on the income from investments of capital in partnership property, but there is nothing in the record in the present case to create an exception to general rules.

A managing partner in control of partnership property conducts his own business as well as that of the other partners. His advantage, his exposure to temptation in such a relation, and the duties of all partners toward the joint enterprise forbid compensation for personal services, or for the increase of a salary formerly allowed, unless authorized by contract. Hardships sometimes result from the enforcement of these rules of law, but they are founded on the protection of property rights, business integrity, confidential relations, and the inducements to unite individual capital in a joint enterprise, and should not be relaxed in the present case.

What, then, are the rights of the litigants? For a number of years after the partnership was formed defendant, with the knowledge and the consent of the other partners, entered upon the books of the partnership and paid to herself $20 a week and to Dean S. Efner $5 a week. These were the salaries fixed by the by-laws of the corporation. From the course of dealings among the partners with the assent of all, from the entries made by defendant on the partnership books in charging and paying items for salaries, from the regular reports sent by defendant to plaintiffs, thus disclosing the partnership accounts, and from the acquiescence by all partners in what was done in these respects, with full knowledge of the facts, the law implies that the salaries fixed by the by-laws of the corporation were by contract adopted by the partners. There never was any agreement for any other compensation for the individual services of a partner. Defendant's only valid claim to compensation for personal services rests on this implied contract. From the same source Dean S. Efner has a similar claim. Ever since the controversy over the salary of defendant arose, she has been in continuous control of the partnership property and business the same as before, and is managing the plant while the partnership affairs are being wound up. On the undisputed facts and the law applicable thereto, therefore, the implied agreement which allows defendant $20 a week and Dean S.

Efner $5 a week must be respected by both of them until the final decree stating the account and directing a judicial sale of the partnership property is rendered. Plaintiffs' proportionate share will be 18/25 and defendant's 7/25 of the net proceeds. In conformity with these findings of fact and conclusions of law the district court, on the record as it now stands, is directed to enter a decree. For that purpose the judgment below is reversed at the costs of defendant and the cause remanded for further proceedings.

REVERSED, WITH DIRECTIONS.