DEAN S. EFNER ET AL., APPELLEES AND CROSS-APPELLANTS, v. FLORENCE E. REYNOLDS, APPELLANT: INGEBERT J. THOMSEN, CROSS-APPELLEE.

FILED NOVEMBER 25, 1922.   No. 22619.

1.  **Partnership:** DISSOLUTION: MANAGING AGENT: COMPENSATION. After a court has dissolved a commercial partnership, stated an account between the partners, ordered a sale of the partnership property and appointed the managing partner to conduct the partnership enterprise until the judicial sale is made, he may be allowed reasonable compensation for his services under his appointment, without regard to his salary as fixed by the partnership agreement.

2.  ———: ———: EXPENSES. In a proceeding to settle the af-

fairs of a partnership conducting a newspaper enterprise, the allowance of the expenses of conducting a subscription contest under authority and direction of the court, *held* not shown to be erroneous.

APPEAL from the district court for Kearney county: WILLIAM A. DILWORTH, JUDGE. *Affirmed in part and reversed in part.*

*J. L. McPheely, F. L. Carrico* and *James & Danley,* for appellant.

*C. P. Anderbery* and *J. H. Robb,* for appellees.

*King & Bracken,* for cross-appellee.

Heard before MORRISSEY, C. J., ROSE, ALDRICH and FLANSBURG, JJ., SHEPHERD, District Judge.

ROSE, J.

The nature of this case was stated in a former opinion as follows:

"This is a suit in equity for a partnership accounting, for a judicial sale of partnership property and for a distribution of the proceeds of the sale. The name of the firm is the Minden News Publishing Company and its business is the publication of a weekly newspaper, called 'The Minden News,' in connection with job-printing.. There are three partners—Dean S. Efner and his wife, plaintiffs, and Florence E. Reynolds, defendant. Plaintiffs reside in Long Beach, California. Defendant resides in Minden and is the editress of the Minden News and the manager of the partnership. The litigation grew out of a controversy over the claim of defendant for compensation for services. In her answer she joined plaintiffs in a demand for an accounting and for the closing of the partnership affairs. The material issues are the proportionate shares of the partners in the partnership property and defendant's claim for compensation." *Efner v. Reynolds,* 105 Neb. 646.

In the original accounting the district court allowed defendant, the managing partner, $40 a week for her

services, notwithstanding an implied partnership agreement fixing her weekly compensation at $20 and Dean S. Efner's at $5. From the decree allowing $40 a week and fixing the proportionate shares of the partners in the partnership property, the defendant appealed. The issues were determined on appeal as follows:

"The implied agreement which allows defendant $20 a week and Dean S. Efner $5 a week must be respected by both of them until the final decree stating the account and directing a judicial sale of the partnership property is rendered. Plaintiffs' proportionate share will be 18/25 and defendant's 7/25 of the net proceeds." *Efner v. Reynolds,* 105 Neb. 646.

The original decree of the district court was reversed and the cause remanded for further proceedings. In the court below a master in chancery to sell the newspaper and printing plant was appointed, with directions to keep it in operation to prevent losses resulting from a suspension of the enterprise. To that end defendant was by order of the trial court retained as manager and the reasonable value of her services in that capacity was $40 a week. The property was sold and the sale confirmed. The trial court, however, interpreting the opinion on the former appeal to limit her salary, while serving under the master in chancery, to the amount fixed by the partnership agreement, allowed her $20 a week only. From that part of the decree there is an appeal.

The trial court was in error in limiting the compensation of defendant under her new employment to the salary fixed by the partnership agreement, which was only half the reasonable value of her services in that capacity. This limitation was not intimated in the former opinion. The contrary is clearly indicated by the following language:

"The implied agreement which allows defendant $20 a week and Dean S. Efner $5 a week must be respected by both of them until the final decree stating the account

and directing a judicial sale of the partnership property is rendered." *Efner v. Reynolds,* 105 Neb. 646.

This weekly compensation continued during defendant's management under the partnership arrangement and during the time she voluntarily remained in charge to manage the partnership affairs. After the entry of the final decree stating the account and directing the judicial sale, the plant was operated by the district court, and not by the partnership, the master in chancery and the manager being court officers subject to judicial control at all times. In appointing them and in allowing claims for running expenses and for expenses in making the sale, the district court was not embarrassed by any partnership agreement as to compensation. While in the service of the district court as manager, defendant was entitled to the reasonable value of her services, or $40 a week. This part of the decree is therefore reversed, with a direction to correct the error.

In a cross-appeal by plaintiffs the allowance of expenses aggregating $3,072.32 is assailed as erroneous. These expenses were incurred by the master in chancery in conducting the newspaper plant under the management of defendant. They grew out of a contest to procure subscriptions to the Minden News, prizes being awarded to successful contestants. It is argued by plaintiffs that the contest was unauthorized and illegal, and that the expenses incurred in conducting it were not allowable as legitimate expenses incurred in operating the newspaper plant. The principal prize was won by the wife of the master in chancery and her participation in the contest is criticised. Plaintiffs knew of the contest and their excuse for not stopping it was their inability to give an injunction bond. The persons conducting the contest were officers of the district court and were at all times subject to its orders. A bond for an injunction was not needed. An application and a proper showing were all that was necessary. This step was not taken. The master in chancery and the manager acted under

the directions of the district court for the benefit of the publishing enterprise with a view to increasing its sale value. The subscription list was practically doubled with a corresponding increase in the value of the Minden News as an advertising medium. In addition, the net proceeds of the contest amounted to $1,293.96, and of this plaintiffs will receive their distributive share. The trial court approved the contest and the manner in which it was conducted. The evidence sustains the allowance of the expenses and the record does not present a sufficient reason for a contrary view. This part of the decree is therefore affirmed. The judgment below is reversed as to compensation of defendant and affirmed as to the expenses of the subscription contest at the costs of plaintiffs.

AFFIRMED IN PART AND REVERSED IN PART.