NICK G. BESKAS, APPELLANT, V. GLEN A. CALKINS, APPELLEE.

281 N. W. 29

FILED JULY 15, 1938. No. 30332.

*Morrow & Morrow,* for appellant.

*Neighbors & Coulter, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE and MESSMORE, JJ., and RYAN, District Judge.

RYAN, District Judge.

This was an action for an accounting of the affairs of a partnership between plaintiff and the defendant. The trial

court found that there was nothing due the plaintiff from the defendant, but that there was due the defendant from the plaintiff the sum of $410.44 on his cause of action numbered one and one-half and the further sum of $438.78 on his second cause of action, and entered judgment accordingly. From this judgment the plaintiff has appealed to this court.

The plaintiff makes seven assignments of error, but has argued only two of them, namely, that the court erred in finding that the evidence failed to establish plaintiff's claim for compensation for work and labor in caring for the cattle fed by the partnership, and secondly that the court erred in permitting the defendant to amend his answer and cross-petition after trial by inserting a new cause of action numbered one and one-half.

Briefly stated the facts are that the plaintiff and defendant on or shortly prior to January 16, 1932, entered into a partnership for the purpose of buying and feeding cattle. The plaintiff at the time and prior thereto was a tenant on a farm owned by the defendant in Morrill county, Nebraska. The partnership lost money on all of its feeding operations. Plaintiff in his brief makes no complaint of the amount found due by the court on the second cause of action. His argument is confined to the disallowance by the court of his claim for compensation for caring for the cattle and to the permitting of the amendment to defendant's cross-petition after trial. The evidence of the plaintiff upon the proposition that he was to be compensated for caring for the cattle is found on page 9 of the bill of exceptions. Plaintiff testified: "Mr. Daniels (he was the agent of the defendant) asked me, 'How, Nick, would you prefer to take care of the stuff?' I says, 'Whatever you think is right I am willing to do; as a general thing it is around 40 or 50 cents a head per month for a fellow to take care of cattle.' And that is all the conversation we had there." When asked if he had any other talk with Mr. Daniels about what he was to receive for taking care of the cattle, he answered, "Not afterwards, no." He further testified that when he and Daniels were

attempting to reach a settlement that Daniels said, "I know, Nick, you are entitled to interest and some work, but we lose anyhow." Q. "He said you were entitled to something? A. Yes."

Leo Daniels testified that he at no time agreed that the plaintiff should be paid for feeding and looking after the cattle, and that the first time the subject was brought up by the plaintiff was in December, 1935, when they were trying to reach a settlement of their accounts, and that he then told him that "he was not entitled to anything for feeding the cattle."

That a partner is not entitled to charge the partnership account for his services, in the absence of a special agreement, is well-settled law. "By the contract of association, every partner is bound to work to the extent of his ability for the benefit of the whole, without regard to the services of his copartners, and without comparison of value; for services to the firm cannot, from their very nature, be estimated and equalized by compensation of differences." *Beatty v. Wray,* 19 Pa. St. 516. "In a commercial partnership engaged in a business with capital invested jointly by the partners, a managing partner is not entitled to a salary for individual services, or to an increase of authorized compensation, unless it is allowed by contract." *Efner v. Reynolds,* 105 Neb. 646, 181 N. W. 552. See *Lamb v. Wilson,* 3 Neb. (Unof.) 505, 97 N. W. 325; *Lamb v. Wilson,* 74 Neb. 73, 103 N. W. 1134. This rule has been approved and applied, from time to time, even when the services of the several partners in behalf of the common enterprise have not been equal either in extent or in value.

It is elementary law that to prove an express contract there must be shown what amounts to a definite proposal, and an unconditional and absolute acceptance thereof. *Melick v. Kelley,* 53 Neb. 509, 73 N. W. 945. The evidence on the question of an express agreement for compensation to the plaintiff for the care and feeding of the cattle handled by the partnership is in direct conflict and the court correctly decided that question in favor of the defendant.

This case was tried on October 22 and 23, 1936; briefs were submitted by the parties, and on December 18, 1936, the court entered judgment for the defendant in the sum of $824.49; on January 30, 1937, plaintiff's motion for a new trial was overruled; on January 30, 1937, defendant filed a motion for leave to amend his answer and cross-petition to conform to the proof by adding cause of action numbered one and one-half. This cause of action set up a claim for the sum of $1,017.45 for various amounts claimed due defendant from the plaintiff covering feeding and farming transactions during the years 1931 to 1935, on which plaintiff had paid the sum of $600, leaving a balance of $417.45. On February 16, 1937, the court on its own motion set aside and vacated its judgment of December 18, 1936. On June 22, 1937, defendant's motion for leave to amend was argued, and leave granted defendant to amend his answer and cross-petition, and on the same day the judgment appealed from was rendered.

The general rules with reference to the permitting of amendments to pleadings during trial and after trial have often been stated by this court. In *Gage v. West*, 62 Neb. 612, 87 N. W. 344, it was stated that the trial court has wide discretionary powers in granting amendments to pleadings, and that it was an abuse of discretion by the trial court to refuse an amendment to a reply tendered in furtherance of justice. A pleading may be amended after judgment when the amendment offered does not substantially change the claim or defense, and conforms to the facts proved. *Berwyn State Bank v. Swanson*, 111 Neb. 141, 196 N. W. 125. This is especially applicable where as in this case the testimony tending to prove the additional facts pleaded was in the record without objection. *Catron v. Shepherd*, 8 Neb. 308, 1 N. W. 204; *Whipple v. Fowler*, 41 Neb. 675, 60 N. W. 15; *Scroggin v. Johnston*, 45 Neb. 714, 64 N. W. 236. In the trial of this case counsel for both sides went into all of the transactions set forth in the amendment to the answer and cross-petition, and tried the cause just as though the items inquired about had been put in

issue by the pleadings. There was no abuse of discretion by the trial court in permitting the amendment.

It would serve no useful purpose to set out in detail the items in the accounts of the plaintiff and the defendant. Indeed, there is little substantial dispute in their testimony as to the various items of feed and hay and other commodities involved. The plaintiff testified that he kept no books; he had nothing to show but the checks he paid and he admitted getting credit for all of them. The evidence is in some respects irreconcilably in conflict. The rule is that, where the evidence is conflicting and cannot be reconciled, this court, upon a trial *de novo* in an equity suit, will consider the fact that the district court observed the demeanor of the witnesses and gave credence to the testimony of some rather than to the contradictory testimony of others.

There is no prejudicial error in the record and the judgment is

AFFIRMED.