## C. W. NEILL, APPELLANT, V. DAKOTA COUNTY, APPELLEE.

### 299 N. W. 294

FILED JULY 11, 1941. No. 31142.

*Joseph E. Marsh*, for appellant.

*Malcolm R. Smith, contra.*

Heard before ROSE, EBERLY and YEAGER, JJ., and THOMSEN and WENKE, District Judges.

ROSE, J.

This is a controversy between C. W. Neill, plaintiff, a practicing physician, and Dakota county, defendant, over claims for professional services alleged to have been performed by him for poor residents at the direction and expense of the county. There was no regularly appointed and acting county physician during the time plaintiff performed the services for which he demands compensation. The claims included separate fees or charges in individual cases during June, July, August, September, October, November and December, 1937, and January, February, March and April, 1938. The sum of the claims presented to the county board for allowance was $1,625.50. They were examined

and audited by the county board April 22, 1938, with the result that items to the extent of $942 were rejected as unauthorized or disallowed in part as excessive, and claims amounting to $683.50 were approved.

Plaintiff appealed to the district court from the order of the county board rejecting or reducing items amounting to $942 and, by petition, pleaded his claims therefor. The answer of the county was a general denial and put in issue the validity of the items of charges or fees comprising the rejected claims for $942 presented to the district court on appeal from the county board.

In the district court a jury was waived and a trial resulted in a judgment against defendant for $343.33. Plaintiff appealed to the supreme court, contending that the only judgment that could properly have been entered in the district court under the evidence and the law was one for the full amount of his disallowed claims for $942.

Valid claims by a physician against a county for treating poor residents at the expense of the county are such claims only as are authorized by statute. A physician relying on county funds raised by taxation for compensation for services performed for the poor must ascertain at his peril the power of county officers to bind the county for such compensation. The statute provides:

"The county board of each county shall be the overseers of the poor and are vested with the entire and exclusive superintendence of the poor in such county." Comp. St. Supp. 1939, sec. 68-104.

"It shall be the duty of the county board in each county, to provide for all such persons, except as above defined, who have a legal settlement therein, and as are unable to earn a livelihood, in consequence of any unavoidable cause, the necessaries of life." Comp. St. Supp. 1939, sec. 68-105.

The burden was on plaintiff to prove performance of services authorized by statute. In attempting to prove services in the individual cases itemized in the rejected claims for $942, plaintiff testified that the services were authorized by the county commissioners or their agents, but he did not

.introduce any writing by any county officer or record of the county board to that effect. Max F. Weekley and John Sohn were mentioned by plaintiff as county officers who orally authorized services performed by him for poor persons. Weekley was county assistance director charged with the duty of caring for the relief of paupers, including medical care, and the county attorney admitted in open court: "Weekley's written authorization will bind the county in his classification as assistance director for Dakota county." It was stipulated by the parties that Sohn was a member of the county board while plaintiff performed the services in question. Plaintiff did not prove that the persons for whom he performed services as a physician were within the class of poor persons described in the statute. Both Weekley and Sohn testified as witnesses at the trial in the district court and their testimony is positive to the effect that unauthorized claims in the itemized list of plaintiff equalled the sum of the items disallowed by the district court. The findings of the district court are in harmony with the preponderance of the evidence on the issue of unauthorized claims, are equivalent to the verdict of a jury and are not erroneous as to plaintiff. It follows that the appeal to the supreme court is without merit.

AFFIRMED.