# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of March, two thousand twelve.

PRESENT: DENNIS JACOBS,
       <u>Chief Judge</u>,
   DENNY CHIN,
   SUSAN L. CARNEY,
       <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X
IN RE: WORLDCOM, INC.

WALDINGER CORPORATION,
   <u>Creditor-Appellant</u>,

   -v.-              11-1975

WORLDCOM, INC.,
   <u>Debtor-Appellee</u>.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:      Bennette D. Kramer, Schlam Stone
             & Dolan LLP, New York, N.Y.;
             James B. Cavanagh (<u>on the</u>
             <u>brief</u>), Lieben, Whitted,

Houghton, Slowiaczek & Cavanagh, P.C., Omaha, Neb.

**FOR APPELLEES:** Mark S. Carder, Stinson Morrison Hecker LLP, Kansas City, Mo.; David C. McGrail (<u>on the brief</u>), McGrail & Bensinger LLP, New York, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sullivan, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

The Waldinger Corporation ("Waldinger") appeals the affirmance of the bankruptcy court's (1) reclassification of its claim against WorldCom, Inc. ("WorldCom") as unsecured and (2) <u>quantum</u> <u>meruit</u> calculation, as modified by the district court. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"In an appeal from a district court's review of a bankruptcy court decision, we review the bankruptcy court decision independently, accepting its factual findings unless clearly erroneous but reviewing its conclusions of law de novo." <u>In re AroChem Corp.</u>, 176 F.3d 610, 620 (2d Cir. 1999).

"A person who furnishes services or materials pursuant to a real estate improvement contract has a construction lien . . . to secure the payment of his or her contract price." Neb. Rev. Stat. § 52-131(1). "To create a contract, there must be both an offer and an acceptance; there must also be a meeting of the minds or a binding mutual understanding between the parties to the contract." <u>Tilt-Up Concrete, Inc. v. Star City/Federal, Inc.</u>, 255 Neb. 138, 147, 582 N.W.2d 604, 610 (1998). The bankruptcy court found that WorldCom did not assent to the installation of three air handling units. Waldinger fails to show that this finding is clearly erroneous.[1] Although WorldCom may have

_____

[1] "Whether a contract exists is a question of fact." <u>Gerhold Concrete Co. v. St. Paul Fire & Marine Ins. Co.</u>, 269

2

assented to its pre-installation preparations and to its upgrade of a fourth unit, Waldinger does not show that the bankruptcy court clearly erred in holding that there was no meeting of the minds to contract for this scope of work, or the price to be paid for it. <u>Cf.</u> <u>Tilt-Up Concrete</u>, 225 Neb. at 146-48, 582 N.W.2d at 610-11 (finding a contract--even though the parties did not agree on the price of some "extras" to be performed by the contractor--because the parties "had a meeting of the minds sufficient to establish a lump-sum contract for [the contractor's] normal scope of work, plus the extra . . . work").

The bankruptcy court did not clearly err in excluding salary paid to a Waldinger manager and Waldinger's overhead from its <u>quantum</u> <u>meruit</u> calculation. Waldinger did not establish that either was an actual cost incurred in the project. <u>See</u> <u>S. A. Sorenson Constr. Co. v. Broyhill</u>, 165 Neb. 397, 406, 85 N.W.2d 898, 904 (1957) (denying recovery for a supervisor's work when there was "no evidence as to the amount required or reasonable value"). The bankruptcy court did not err in excluding Waldinger's projected profits from its <u>quantum</u> <u>meruit</u> calculation. <u>See</u> <u>Gee v. City of Sutton</u>, 149 Neb. 603, 609, 31 N.W.2d 747, 751 (1948) ("Generally, the courts will not allow profits which might have been obtained if the contract had been legal and valid . . . but confine[] recovery to such sum as will reasonably compensate the party whose services or property have been devoted to the advantage of the other.").

Finding no merit in Waldinger's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

Neb. 692, 696, 695 N.W.2d 665, 670 (2005); <u>see</u> <u>also</u> <u>Connolly v. Clark</u>, 457 F.3d 872, 875 (8th Cir. 2006).