MARCUS WITTENBERG ET AL. V. JOHN T. MOLLYNEAUX.

FILED NOVEMBER 9, 1899.  No. 10,865.

1. **Review: FORMER APPEAL: STARE DECISIS.** Where a cause is brought a second time to this court, the first decision will be deemed the law of the case, and not merely as to the points expressly decided, but to all questions presented by the record and necessarily involved in the decision, and ordinarily will not be reexamined. See *Hayden v. Frederickson*, 59 Nebr., 141; *Richardson Drug Co. v. Teasdall*, 59 Nebr., 150.

2. **Contract: BREACH: DAMAGES: INTEREST.** If the right to damages for breach of a contract is matter of reasonable litigation, and the amount to be recovered, if any, is unliquidated and must be fixed, not by mere computation but by suit, interest may not be allowed for time precedent to the settlement of the right to a recovery and the ascertainment of the amount.

3. **Instructions: REQUESTS: REVIEW.** Error in giving an instruction that fails to fully or definitely state the issues in a case is not available unless the complainant prepared and requested a full charge upon the point.

4. **Breach of Contract: DAMAGES.** The time of a stipulation was fixed by its terms at two years. In this action, commenced prior to the expiration of the full time, there could be no recovery of damages for breaches of the agreement which occurred subsequent to the institution of the suit.

5. **Evidence at Former Trial.** The showing of the absence of a witness from the jurisdiction of the trial court *held* insufficient to warrant the admission of his testimony given at the former trial of the cause.

ERROR from the district court of Clay county. Tried below before BATES, J. *Reversed.*

*G. W. Bemis* and *R. G. Brown*, for plaintiffs in error.

*E. E. Hairgrove* and *Thomas Ryan*, contra.

HARRISON, C. J.

In an exchange of hotel property situate in Sutton, and owned by the plaintiffs in error, for another hotel property owned by defendant in error in the same place, in the deed by which the latter conveyed to the former there appeared the following: "With all buildings thereon, the same not to be used for hotel purposes for two years from this date." The deed was of date June 11, 1889. The defendant in error instituted this action in the district court of Clay county on March 24, 1891, and alleged for cause a violation of the restriction as to use of the property of inception September 17, 1889, and a continuation thereof to the time of the commencement of the suit. The parties sued filed an answer, to which there was a reply. The cause was submitted on the pleadings, and the court rendered a judgment for the defendants in the action, which in an error proceeding to this court was reversed, and the cause remanded. See *Mollyneaux v. Wittenberg,* 39 Nebr., 547. After the case was returned to the district court, an amendment of the answer was made, and there was a trial of the issues, which resulted in a judgment for the plaintiff, and the case was again presented to this court, and the second judgment was reversed, and the case again remanded. See *Wittenberg v. Mollyneaux,* 55 Nebr., 429. It has again been tried, and the results were a verdict returned and judgment rendered thereon in favor of the plaintiff in the sum of $———. The case is again here for review. For full statement of the matters pleaded and in litigation we refer to the former opinions. They need not and will not be restated herein. By the first opinion it was decided that the restrictive matter of the deed was not invalid for being in restraint of trade, and was not within the prohibition of our statutory law in regard to trusts, and further, there was sufficient pleaded to entitle the plaintiff to at least nominal damages. By the second opinion there were certain points determined which we need not partic-

ularly notice at this time, but on the one main question, that of damages, the recovery sought being profits or gains which the party who sued asserted had been prevented by reason of the violation of the restrictions in regard to the use of the property, it was decided: "A party injured by breach of contract may recover for gains prevented, provided they are within the established rules permitting consequential damages, and provided they can be proved to a reasonable degree of certainty." See 55 Nebr., 430. And it was also stated in the opinion that of an important essential element of the evidence on this subject of damages there was an entire lack or absence in the proof, and without it there was a failure to show the loss of profits to any degree of certainty. In this procedure the plaintiffs in error again attack the allowance of gains or profits as damages. This question was settled, as we have stated in the last decision, and what was then determined has become the law of the case. See *Hayden v. Frederickson*, 59 Nebr., 141; *Richardson Drug Co v. Teasdall*, 59 Nebr., 150. The recovery of profits was allowed by this court in *Russell v. Horn, Brannen & Forsyth Mfg. Co.*, 41 Nebr., 567.

The jury in the case at bar returned a verdict in which there appeared a statement of the amount of damages, $1,500; also interest on said sum from a date which in an instruction had been stated it was proper to allow interest on the amount determined as damages. The amount of interest set forth in the verdict was $759.15. It is contended for plaintiffs in error that it was improper to instruct the jury to allow the interest, and the allowance was erroneous. This contention must be sustained. The right to any sum was a matter for determination by suit. The amount, if any, was not ascertainable from the contract or by computation, and must be fixed by litigation. It was unliquidated and interest was not allowable. See *Shipman v. State*, 44 Wis., 458; *Vietti v. Nesbitt*, 41 Pac. Rep. [Nev.], 151; *Swinnerton v. Argonaut Land & Development Co.*, 44 Pac. Rep. [Cal.], 719;

Sutherland, Damages, 610; *Pacific Postal Telegraph Cable Co. v. Fleischner*, 66 Fed. Rep., 899; *Hooper v. Patterson*, 32 Pac. Rep. [Cal.], 514. The claim was not within the provisions of our statutes in regard to interest. The collection of interest is a statutory right, and did not exist at common law. See 11 Am. & Eng. Ency. Law, 379. This error does not call for a reversal of the judgment. It can be cured by a remittitur of the amount of interest included in the verdict.

It is argued that the instruction numbered 1 is not sufficiently full and definite in its statements. This was the portion of the charge to the jury in which the issues were set forth. The instruction is probably open to the objection urged against it, but the counsel who complain did not prepare and request more explicit directions. See *Barr v. Omaha*, 42 Nebr., 341, 60 N. W. Rep., 591; *Carter White Lead Co. v. Kinlin*, 47 Nebr., 409, 66 N. W. Rep., 536.

Instruction numbered 5 is as follows: "If you find for plaintiff, you may include in your verdict interest at seven per cent on whatever of damages the evidence shows you was due plaintiff at the close of the two years, such interest, if any, to be computed from January 11, 1892." It is objected that this contained a misdirection, in that it stated that the damages would be the amount shown by the evidence for the entire two years; that this suit was commenced some seventy-nine days prior to the close of the two years designated in the deed, and the jury should not have been told that the damages would in this action be for the whole of the two years, as no recovery could be had herein beyond the time of the commencement of the action. The instruction may be said to be defective and erroneous as claimed. It is true that no recovery of damages could be allowed in this suit beyond or subsequent to its institution. See *Terry v. Beatrice Starch Co.*, 43 Nebr., 866; *Carstens v. McDonald*, 38 Nebr., 858. The instruction is misleading in its terms and substance and of a nature to prejudice the rights of the complaining party.

During the trial it was desired on the part of defendant in error to introduce the testimony of a witness who was not present at court, but who had testified in the former trial of the cause and whose testimony had been preserved in a bill of exceptions. To this there was an objection for plaintiff in error, which was overruled and the testimony was admitted. It appeared that the witness was a resident, with his family, of the town of Sutton, in the county in which the trial occurred; that he had, in a conversation with one of the attorneys for the defendant in error, promised to be present at the trial if notified of the time. It was not disclosed that the witness was ever given any notice of the time it was expected the case would be tried. It was shown that the attorney for defendant in error ascertained at some time during the day prior to the trial that the witness was not at his home; that the attorney then went to the residence of the witness, and was told by his wife that she did not know where he had gone. The attorney also talked with a relative of the witness in regard to his whereabouts, and was told that the witness had gone from town "on the K. C. & O. railroad." A subpœna was then procured and placed in the hands of the sheriff, who made a return thereon of "not found." There was no showing made from which it appeared that with reasonable diligence the attendance of the witness could not have been effected, nor was there any such showing of the absence of the witness from the state or jurisdiction of the court in which the cause was pending as to warrant the admission of his testimony given at the former trial. It follows from what has been stated and determined that the judgment must be reversed.

REVERSED AND REMANDED.