DANIEL C. BROWN ET AL. V. GARDNER COWLES.

FILED DECEMBER 21, 1904.   No. 13,634.

Contract: BREACH: DAMAGES. The rule is elementary that in an action for damages for breach of contract such damages only may be recovered as are the probable, direct and proximate consequences of the wrong complained of, and such as may fairly be supposed to have been within the contemplation of the parties at the time of the making of the contract as a probable result of the breach of the same.

ERROR to the district court for Lancaster county: LINCOLN FROST, JUDGE. *Affirmed upon condition.*

*George A. Adams* and *J. E. Philpott,* for plaintiffs in error.

*F. H. Woods, L. R. Ewart* and *H. V. Failor, contra.*

LETTON, C.

This action was brought by defendant in error, Gardner Cowles, as plaintiff, against James M. Neff as principal, and the other defendants as sureties, upon an obligation given to secure the faithful performance by Neff of a contract made between Cowles and him for carrying the United States mail, as a subcontractor, between the city of Lincoln and the post office at Lancaster. The petition sets up the contract, and alleges a breach of the same by Neff's refusing to further carry the mail; and pleads that the plaintiff was put to great expense and damage in procuring another person to complete the contract. A general denial was filed by the defendant; the case tried to the court without the intervention of a jury, and a judgment rendered in favor of the plaintiff for the sum of $77.40. No attack was made upon the petition before the trial, and it is now urged that it does not state a cause of action.

1. We think, however, it sufficiently sets forth the contract, its breach, and the items of damage which the plain-

tiff claims he suffered by reason of the failure of the defendant to carry out the contract.

2. It is objected that the court erred in the amount of recovery. The plaintiff asks judgment for $110.40, the items of the claim being as follows: Hiring one Poppleton to obtain a man to complete the contract $30; Poppleton's car fare from Algona, Iowa, to Lincoln, Nebraska, $20; increased salary for man to complete the contract for 2½ years $45; Poppleton's hotel expenses and street car fare $10; other expenses in carrying mail, $5.40.

The rule is elementary that in an action for damages for breach of contract such damages only may be recovered as are the probable, direct and proximate consequences of the wrong complained of, and such as may fairly be supposed to have been within the contemplation of the parties at the time of the making of the contract as a probable result of the breach of the same. It requires no argument to show that the hiring of a man in the state of Iowa, sending him to Nebraska, and paying his wages, hotel and other expenses, could not reasonably be within the contemplation of the parties as the result of a failure of Neff to perform the contract. If Neff could be charged with railroad fare from Iowa, he could with equal propriety be charged with railroad fare from New York. There are no extraordinary conditions requiring such expenditures pleaded or proved. Such damages are entirely too remote and cannot be recovered. Whatever excess the plaintiff was compelled to pay in order to procure the services of another person at a reasonable and proper rate to furnish the services which Neff had agreed to perform, and which the plaintiff was bound to perform under his contract with the government, are proper and necessary items of damage which the plaintiff is entitled to recover in this action.

By its terms the contract terminated on the 30th day of June, 1902. This action was begun on the 21st day of March, 1901. The plaintiff is not entitled to recover in this action for damages which accrued after the action was

brought. *Wittenberg v. Mollyncaux,* 59 Neb. 203. Neff refused to carry out the agreement on the 20th day of December, 1899. The plaintiff therefore would be entitled to recover the increased compensation which he was required to pay over and above the amount of the contract from the 20th day of December, 1899, when Neff refused to perform, until the 21st day of March, 1901, when this action was commenced. At the rate of $18 a year this amounts to $22.50. There is evidence that between the time that Neff refused to further carry on the contract and the time that a new contract was made with another subcontractor the plaintiff was required to pay the sum of $5.40 to other parties for carrying the mail, in excess of the amount which he had agreed to pay Neff. The plaintiff seems to be entitled to the items of $22.50 and $5.40 paid in excess of the contract price, with interest at 7 per cent. from the 20th day of December, making a total of $37.55.

If the defendant in error remits the sum of $39.85 the judgment of the district court will be affirmed: Failing to do so, the cause will be reversed and remanded for a new trial.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, if the defendant in error remits the sum of $39.85 within 30 days the judgment of the district court is affirmed. Failing to do so, the judgment is reversed and the cause remanded for a new trial.

AFFIRMED UPON CONDITION.