SCOTTSBLUFF DRAINAGE DISTRICT, APPELLEE, v. SCOTTS BLUFF COUNTY, APPELLANT.

FILED FEBRUARY 17, 1925.   No. 23726.

1. **Drains: SPECIAL ASSESSMENTS: PUBLIC HIGHWAYS.** In the apportionment of a drainage district lying wholly in a certain county, the roads of that county within the district are sufficiently described by the words "public highways," such words,

by proper construction of the drainage act, excluding railroads and city streets and applying only to roads under the county's jurisdiction.

2. ———: ———: RELIEF. While special taxes, as for a drainage district, are not to be levied in excess of benefits conferred, property owners aggrieved on that ground are ordinarily confined to the direct proceeding for relief; and, if they fail to make objections upon the hearing provided for that purpose, they will not be afforded a remedy in a collateral proceeding.

3. ———: ———: ———. If timely objection is not made, even serious irregularities which do not affect the jurisdiction of the board cannot be made matter of effectual defense after apportionment and assessment duly made.

4. ———: ———: INTEREST. *Held*, in this case, that the district court did not err in entering judgment for interest at the rate of 10 per cent. per annum from the first day of May, respectively, following the assessments for the several years in question.

APPEAL from the district court for Scotts Bluff county: P. J. BARRON, JUDGE. *Affirmed.*

*William H. Heiss,* for appellant.

*Morrow & Morrow, contra.*

Heard before MORRISSEY, C. J., DAY, GOOD and EVANS, JJ., and SHEPHERD, District Judge.

SHEPHERD, District Judge.

The Scottsbluff Drainage District was organized under article V, ch. 17 (secs. 1813-1862) Comp. St. 1922, in the year of 1917. The district, wholly within the limits of Scotts Bluff county, took in numerous highways which were charged against the county as lands for which it must pay. They were figured as 3,600 units in an actual total for the entire district of about 29,000 units, the description in the apportionment being in these words: "Scotts Bluff county on public highways within Scottsbluff Drainage District * * * units 3,600." The county made no objection, and took no appeal from the order of apportionment finally made. Assessments were made on these units as follows: Year of 1918, $4,320; year of 1919, $2,160; year of 1920,

$1,800. The county failed and refused to pay and on the 5th day of November, 1921, the district filed a claim for such assessments with interest at 10 per cent., respectively, from May first following assessments. The claim was disallowed, appeal was taken to the district court, where judgment was entered in favor of the district for principal and interest in the sum of $10,798, and the case is now here for a review of such judgment.

In the first place, the county contends that its highways are not sufficiently described to meet the requirement of the statute. But we think and hold that the words "public highways" found in the drainage act apply only to roads under the jurisdiction of the county, as distinguished from city streets, railroads and street car lines. A careful reading of the sections pertinent so indicates. No misunderstanding could have arisen from the description employed. It was sufficiently accurate, as measured even by the standards of *Cuming County v. Bancroft Drainage District,* 90 Neb. 81.

It is settled law in Nebraska, as elsewhere, that a special tax for drainage or the like cannot be imposed in excess of benefits conferred, and that such a tax so laid is void. *Hanscom v. City of Omaha,* 11 Neb. 37. But the county did not raise this defense upon the meeting of the board to hear complaints and objections, though it had notice of said meeting, and it cannot now litigate the question in this collateral proceeding. When the method provided by the statute for arriving at benefits has been followed by apportionment without objection, that apportionment cannot be collaterally attacked in an action for the collection of assessments based upon it. It was so held in *Omaha & N. P. R. Co. v. Sarpy County,* 82 Neb. 140, the court declaring, in regard to the injunction there sought, that the board acted judicially, and that its judgment could only be reviewed in a direct proceeding. We have held similarly in a number of cases following.

In making statement to show what tracts of land had not made payment, as required by section 1833, Comp. St.

1922, the board failed to mention these highways and failed to certify that the county was in default. Also, in the notice of apportionment filed with the county clerk, and subsequently published in order that interested owners might be advised of the facts and have opportunity to present objections, the units of the whole district were summed up at 41,211, when in fact they totaled not more than 29,000, and possibly considerably less. These were matters of serious mistake and omission, but not such as to deprive the court of jurisdiction. The notice was given, and the true total of units was ascertainable by computation. In the other case the statement required by the law was duly made, though the omission occurred. In neither case does the law provide for the invalidation of notice or statement by what happened or by circumstance of like character. It is probable that the county did not lack knowledge because of this error in addition or because of the omission in question. But if it did, such lack must be charged to its own neglect to exercise care. The errors which we are considering are irregularities not affecting jurisdiction. This view finds support in *White v. Papillion Drainage District,* 96 Neb. 241.

The same may be said as to the errors which the appellant charges were made by the board in levying the assessments for the years of 1918, 1919, and 1920. We think that the board substantially apportioned the amounts due from the several tracts in dollars and cents, as prescribed by the statute, though in 1918 the board provided by resolution or motion that the amount levied be 60 cents a unit, and that the president and secretary certify the same to the county clerk. The minutes recite that the statement of the engineer upon which this action was taken showed as necessary 6 cents a unit to pay bonds, 5 cents a unit to pay interest thereon, and 49 cents a unit for other purposes. Assuming all necessary computations, the levy made did not fail to show in dollars and cents the amount chargeable to each unit and to each and all of the tracts. And when the statement of the engineer and the return of president and

Scottsbluff Drainage District v. Scotts Bluff County.

secretary are considered, it is apparent that the apportionment to bonds, interest and general fund was certain. *White v. Papillion Drainage District, supra.* It is stated in the opinion of the cited case: "The board is required to 'determine the amount of money necessary to be raised,' but if they 'apportion the same in dollars and cents against the tracts,' and the amount so raised is easily ascertainable by computation, the assessment will not be held void because of a failure to state specifically the amount of the assessment or the amount so raised." On principle, therefore, the assessment for 1919 cannot be said to be invalid.

The record shows, as we read it, that the board estimated for 1919 $29,000 for maintenance, $3,000 to apply on bonds, and $3,000 for interest on bonds, and made the levy, accordingly, 120 cents a unit, 10 to pay bonds, 10 to pay interest, and 100 to pay other expenses. This was apportionment in substantial compliance with the act, and the fact that the president and secretary of the board made the necessary computations and extended the figures is immaterial. So it was, also, in the matter of the levy for 1920.

Finally, it is contended by the county that it should not be obliged to pay interest, except from November 5, 1921, when the claim was filed. It was doubtless considered by the trial court that, inasmuch as the drainage act provides that its assessments shall be treated in the same manner as general real estate taxes and shall draw the same rate of interest (Comp. St. 1922, sec. 1836), interest was computable at 10 per cent. on each assessment from the first day of May following its levy. Upon first impression this seems sound.

We fail to find anything in *Bancroft Drainage District v. Chicago, St. P., M. & O. R. Co.*, 102 Neb. 455, or in *State v. Farrington*, 80 Neb. 628, cited by appellant, to contradict this conclusion. The particular doctrine of *Wittenberg, v. Mollyneaux*, 59 Neb. 203, is stated in the second paragraph of the syllabus as follows: "If the right to damages for breach of a contract is matter of reasonable litigation, and the amount to be recovered, if any, is unliquidated and must be fixed, not by mere computation but by suit,

interest may not be allowed for time precedent to the settlement of the right to a recovery and the ascertainment of the amount."

The *Wittenberg* case is not this case in point of fact. Here was a definite charge by way of special tax, the amount ascertained or easily ascertainable by computation. The trial court was not in error, in our opinion, in entering judgment for interest as it did.

No reversible error appears in the record, and the judgment of the district court is, accordingly,

AFFIRMED.

Note—See Drains, 19 C. J., secs. 232, 238 (1926 Ann.),. 248, 261, 272.