CHIPPEWA FALLS HOTEL COMPANY, Respondent, vs. EMPLOYERS LIABILITY ASSURANCE CORPORATION, LIMITED, of London, England, Appellant.

*February 9—May 10, 1932.*

For the appellant there were briefs by *Farr & MacLeod* of Eau Claire, and oral argument by *Donald R. Farr.*

For the respondent there were briefs by *W. H. Stafford* and *Harold E. Stafford,* both of Chippewa Falls, and oral argument by *Harold E. Stafford.*

The following opinion was filed March 8, 1932:

Fowler, J.   The appellant assigns as error (1) that the evidence does not support the finding of the jury upon the first cause of action that the injury to the boilers was caused by "a sudden and accidental tearing asunder of the boilers,

or any part thereof, by pressure of steam or water therein;" (2) that the court should have sustained objection to admission of evidence upon the second cause of action because defendant was only liable upon the policy if liable at all; (3) that the evidence does not support the findings of negligence upon the second cause of action.

(1) It is the theory of plaintiff that when the top of the fire-boxes became uncovered through the stopping of the return of water condensed from steam in the system, the uncovered portions became superheated; that so much water collected in the system that some of it backed up through the radiators and fell back through the live steam pipe onto the superheated top of the fire-boxes; that water so falling was suddenly converted into steam; and that the steam suddenly expanded with such force as to "tear asunder" the boilers. It is the theory of defendant that the uncovered portions of the fire-boxes became so superheated that they cracked from heat.

Counsel argue very persuasively from the facts which are mostly not in dispute in support of their respective theories. Each points out why in his opinion his own theory is correct and that of his opponent is untenable. From careful consideration of all facts and arguments we are unable to perceive that the theory of plaintiff is irreconcilable with the admitted physical facts or the established laws of physics applicable to them. We cannot see that any useful purpose would be served by stating in detail these facts or laws. Defendant's counsel also urge that at most it is uncertain whether the injuries were caused as claimed by the plaintiff or as claimed by defendant, and that the finding of the jury rests upon speculation. But duly qualified experts produced by plaintiff testified positively that in their respective opinions, in view of all the facts, the injuries were caused as claimed by plaintiff. Experts produced by defendant, also duly qualified, testified with equal positiveness that in their

respective opinions, in view of all the facts, the injuries were caused as claimed by the defendant. Each gave his reasons for his opinion, and his reasons more or less extended for considering the contrary opinion erroneous. We cannot assume that these duly qualified experts were not reasonable men, or that they did not honestly entertain the opinions expressed. And it is fundamental that when reasonable men may honestly draw from the facts different conclusions upon the ultimate question of fact at issue, the determination of that question is for the jury. We are of opinion that the verdict of the jury upon the question at issue upon the first cause of action must be upheld.

(2) (3) As the finding of the jury upon the first cause of action supports the judgment, it is unnecessary to consider whether their findings of negligence upon the second cause of action are supported by the evidence. It is also unnecessary to pass upon defendant's contention that objection to admission of evidence upon the second cause of action should have been sustained. Receipt of the evidence would not be ground for reversal unless the evidence were of such nature that its receipt would operate to the prejudice of the defendant. We discover nothing in it that could so operate.

*By the Court.*—The judgment of the county court is affirmed.

A motion for a rehearing was denied, with $25 costs, on May 10, 1932.