GEORGE W. SMITH, APPELLEE, V. PLATTE VALLEY PUBLIC
POWER AND IRRIGATION DISTRICT, A PUBLIC CORPORATION,
APPELLANT.

36 N. W. 2d 478

Filed March 18, 1949.   No. 32418.

*Crosby & Crosby* and *R. H. Beatty,* for appellant.

*Carr & Hoagland* and *C. L. Baskins,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

WENKE, J.

George W. Smith brought this action in the district court for Lincoln County against the Platte Valley Public Power and Irrigation District, a public corporation. The action was brought to recover damages caused to plaintiff's lands and crops by seepage waters which plaintiff claims escaped from defendant's works. Plaintiff recovered a verdict of $9,000 and judgment was entered thereon. Defendant's motion to set aside this verdict and for judgment notwithstanding or in the alternative for new trial having been overruled, it appeals. Plaintiff has cross-appealed.

The principal question raised by the appeal is the sufficiency of the evidence to sustain the verdict.

In considering this question we apply the following rule: "In testing the sufficiency of evidence to support a verdict it must be considered in the light most favorable to the successful party, that is, every controverted fact must be resolved in his favor and he should have the benefit of every inference that can reasonably be deduced therefrom." Remmenga v. Selk, 150 Neb. 401, 34 N. W. 2d 757.

This is, in effect, the same as the following rule: " 'A motion for a directed verdict must for the purpose of decision thereon be treated as an admission of the truth of all material and relevant evidence submitted on behalf of the party against whom the motion is directed. Such party is entitled to have every controverted fact resolved in his favor, and to have the benefit of every inference that can reasonably be deduced from the evidence.'

Roberts v. Carlson, 142 Neb. 851, 8 N. W. 2d 175." Spaulding v. Howard, 148 Neb. 496, 27 N. W. 2d 832.

However, it should be remembered that if the evidence is in conflict and such that reasonable minds can draw different conclusions therefrom then it presents a question for a jury's determination.

Under section 70-671, R. S. 1943, the appellant is liable for seepage when and if it accrues. See, Applegate v. Platte Valley Public Power and Irrigation District, 136 Neb. 280, 285 N. W. 585, and Heiden v. Loup River Public Power District, 139 Neb. 754, 298 N. W. 736. Such damages must be recovered in one action. Applegate v. Platte Valley Public Power and Irrigation District, *supra.*

The measure of damages for any injury thus caused to the land is the difference in the fair market value thereof, if any, immediately before and immediately after the seepage, taking into consideration all the uses to which the land was put and for which it was reasonably adaptable. In addition thereto recovery may be had for damages to any annual crops growing thereon at the time. Applegate v. Platte Valley Public Power and Irrigation District, *supra;* Asche v. Loup River Public Power District, 138 Neb. 890, 296 N. W. 439; Heiden v. Loup River Public Power District, *supra.*

Appellant contends the record is absent of competent evidence to prove that the waters escaping from its works have damaged or affected the appellee's lands; that appellee has failed to establish a causal connection or relationship between the escaped waters and the seeped condition; and that the verdict must necessarily be based on guess or speculation.

As stated in Lincoln Joint Stock Land Bank v. Platte Valley Public Power and Irrigation District, 140 Neb. 316, 299 N. W. 485: "In an action for damages to growing crops alleged to have been caused by seepage resulting from the construction and operation of an irrigation canal, it is necessary to establish a causal relationship between the water in the canal and that causing the

seeped condition on plaintiff's lands. * * * Proof which merely leaves the matter to be established in the realm of speculation and conjecture is not sufficient to sustain a judgment."

Appellee's petition, and the evidence offered in support thereof, show his theory of the case to be that when appellant put water in its reservoir and canal that large amounts thereof escaped and caused the level of the ground water under his lands to rise and thereby caused them to become seeped, resulting in the damages of which he here complains. Appellant's theory, as evidenced by its answer and the evidence offered in support thereof, is that the water escaping from its works could not and never did reach appellee's lands and that the seeped condition of appellee's lands was the result of natural conditions caused by abnormally high rainfall and low evaporation and transpiration.

It should be here stated that the evidence relating to the fact that the lands of appellee became seeped in 1942 and continued to be in that condition until the date of trial is undisputed and admitted.

Both parties used engineers as experts to establish the cause of this seeped condition. There was a conflict in the testimony of these experts and consequently it was the province of the jury to determine whether the conclusions of appellee's or appellant's experts were correct. See, Crouch v. National Livestock Remedy Co., 210 Iowa 849, 231 N. W. 323; Chippewa Falls Hotel Co. v. Employers L. A. Corp., 208 Wis. 86, 241 N. W. 380; E. L. Chester Co. v. Wisconsin Power & Light Co., 211 Wis. 158, 247 N. W. 861.

What was said in Chippewa Falls Hotel Co. v. Employers L. A. Corp., *supra*, is applicable here. Therein the court said: "Counsel argue very persuasively from the facts which are mostly not in dispute in support of their respective theories. Each points out why in his opinion his own theory is correct and that of his opponent is untenable. From careful consideration of all facts and

arguments we are unable to perceive that the theory of plaintiff is irreconcilable with the admitted physical facts or the established laws of physics applicable to them. We cannot see that any useful purpose would be served by stating in detail these facts or laws. Defendant's counsel also urge that at most it is uncertain whether the injuries were caused as claimed by the plaintiff or as claimed by defendant, and that the finding of the jury rests upon speculation. But duly qualified experts produced by plaintiff testified positively that in their respective opinions, in view of all the facts, the injuries were caused as claimed by plaintiff. Experts produced by defendant, also duly qualified, testified with equal positiveness that in their respective opinions, in view of all the facts, the injuries were caused as claimed by the defendant. Each gave his reasons for his opinion, and his reasons more or less extended for considering the contrary opinion erroneous. We cannot assume that these duly qualified experts were not reasonable men, or that they did not honestly entertain the opinions expressed. And it. is fundamental that when reasonable men may honestly draw from the facts different conclusions upon the ultimate question of fact at issue, the determination of that question is for the jury."

We think all the evidence, when considered as a whole, presented a question of fact for the jury as to the cause of the seepage. In this respect we have not overlooked the fact that appellee, in his petition, alleged that the water escaping from appellant's works had seeped under his lands. There is proof tending to show that the waters escaping from these works had not reached the lands but had, by hydrostatic pressure on the ground water, raised the level thereof, thereby causing the lands to become seeped and waterlogged. Considering the manner in which the trial was had and the jury instructed, we do not think there is such a variance between the pleadings and proof as to have prejudiced the appellant. Both relate themselves to the waters escaping from the appel-

lant's works as being the cause of the seeped condition on appellee's lands which, according to the pleadings and evidence, was the issue involved. This issue the appellant endeavored to meet by showing that it could not be caused thereby but that it was the result of natural forces. We find the issue to have been fairly tried and submitted and that appellant was in no manner prejudiced thereby.

Appellant further complains that witnesses for the appellee were allowed to testify, over objection, as to crop damages for the years of 1943 to 1947, inclusive. A cause of action for damages caused by seepage arises where the lands are visibly affected thereby and crop damages are limited to the annual crops then growing thereon. By its instructions the trial court properly so limited the appellee's right of recovery. However, in order to establish the damage to his lands the owner is entitled to show the manner and extent to which it has been affected by showing the quantity and quality of the crops produced thereon both before and after the seepage, up to the time of trial. See, Applegate v. Platte Valley Public Power and Irrigation District, *supra,* and Heiden v. Loup River Public Power District, *supra.* This evidence was properly admitted for that purpose.

Appellant contends appellee wholly failed to offer any proof in separation or allocation of damages from natural causes and from artificial causes attributable to the defendant. It is true that appellee failed to offer any proof in separation or allocation of such damages but proceeded and rested his case entirely on the proposition that the damages were caused solely by the seepage attributable to the appellant.

In this respect the court instructed the jury as follows: "You cannot allow any damage that arose from seepage that was caused from rainfall or surface water accumulating in ponds or swails (swales) upon the surface of the plaintiff's lands or upon lands in the vicinity of the plaintiff's lands. The defendant can only be held liable

for damage that would not have occurred except on account of leakage from its said canals or reservoirs. If you find that water from the defendant's canals or reservoirs have combined with waters from other sources for which defendant would not be responsible, and find that such combined waters have caused damage to the plaintiff's land, then before the plaintiff can recover it is encumbent upon him either to show that such damages would have occurred from such waters from the defendant's canals or reservoirs alone without any water from other sources, or to allocate and separate the amount of damage done by waters from such other sources."

This correctly instructed the jury as to appellant's liability. See, Robinson v. Dawson County Irrigation Co., 142 Neb. 811, 8 N. W. 2d 179; Seibold v. Whipple, 143 Neb. 167, 9 N. W. 2d 154; Faught v. Dawson County Irrigation Co., 146 Neb. 274, 19 N. W. 2d 358; Faught v. Platte Valley Public Power and Irrigation District, 147 Neb. 1032, 25 N. W. 2d 889; Wichita County Water Improvement District v. Pearce, (Tex. Civ. App.) 59 S. W. 2d 183; Woodland v. Portneuf-Marsh Valley Irrigation Co., 26 Idaho 789, 146 P. 1106. However, whether the damage was caused by the combined sources of water, and would not have occurred from the waters of the appellant's canals or reservoir alone, was a question for the jury. If they so found then, under this instruction, they would be required to deny appellee any recovery herein. This fully protected the appellant's rights. We find no error in the manner in which this issue was submitted.

We also find no merit in appellant's contention that the verdict is the result of passion and prejudice. That the water table under appellee's land had risen and that there were damages resulting therefrom is undisputed. The amount of the verdict is well within the limits of the evidence offered by the appellee and the jury having viewed the premises it finds ample support in the record.

The cross-appeal presents the question of the date from which the interest should be computed. The trial court fixed the date thereof as December 6, 1947. The appellee contends the amount of the verdict should draw interest from the date the cause of action accrued: to wit, October 1, 1942. It cites in support thereof holdings of other jurisdictions to the effect that: "If the land is permanently injured, but not totally destroyed, the owner will be entitled to recover the difference between the market value of the land at the time immediately preceding the injury and the market value of the land in its immediate condition after the injury, with legal interest thereon to the time of the trial." Fuller v. Fair, 202 Ala. 430, 80 So. 814. See, also, Houston & T. C. R. Co. v. Wright, (Tex. Civ. App.) 195 S. W. 605; and Zorn v. Britton, 120 Fla. 304, 162 So. 879.

We said in Missouri, Kansas & Texas Trust Co. v. Clark, 60 Neb. 406, 83 N. W. 202: "Regardless of the character of the action, interest is recoverable in all cases for the use or destruction of property when the amount which is due the plaintiff may be known or ascertained approximately by reference to market values." See, also, Parkins v. Missouri P. Ry. Co., 76 Neb. 242, 107 N. W. 260.

However, here not only the amount is unliquidated but the liability, if any, must first be ascertained. Under these circumstances we think the following statement from Wittenberg v. Mollyneaux, 59 Neb. 203, 80 N. W. 824, is applicable: "If the right to damages for breach of a contract is matter of reasonable litigation, and the amount to be recovered, if any, is unliquidated and must be fixed, not by mere computation but by suit, interest may not be allowed for time precedent to the settlement of the right to a recovery and the ascertainment of the amount." See Gee v. City of Sutton, 149 Neb. 603, 31 N. W. 2d 747.

For the reasons herein stated we find the verdict of

the jury and judgment entered thereon to be correct. They are affirmed.

AFFIRMED.

PAINE, J., not participating.