NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, APPELLEE, v. LYLE EVERTSON ET AL., APPELLANTS.

60 N. W. 2d 638

Filed October 23, 1953. No. 33376.

*Van Steenberg & Meyers, Davis, Healey, Davies & Wilson,* and *Robert A. Barlow, Jr.,* for appellants.

*Pilcher & Haney* and *Torgeson, Halcomb & O'Brien,* for appellee.

Heard before SIMMONS, C. J., MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

An automobile owned by Frank Evertson and operated by his son, Lyle Evertson, traveling towards the west collided with a bus of the Burlington Transportation Company traveling eastward on U. S. Highway No. 30 near the town of Dix. The bus was diverted from its position in the right lane of travel into a ditch on the right or south of the highway. It overturned and was damaged. The cost of repairing the bus was $6,083.74. A policy of insurance of National Fire Insurance Company of Hartford obligated it to pay the transportation company for necessary expenditures in repairing the bus to the extent of $5,083.74. Appellee did this on October 22, 1947, and took an assignment from its assured of all its rights against appellants.

Appellee by this litigation sought to recover from appellants the amount it paid to the owner of the bus because, as alleged by it, the proximate cause of the collision and damage was negligence of the appellants. They denied any negligence by them and alleged that the collision and any injury or loss resulting therefrom was proximately caused by the negligence and careless operation of the bus by the driver of it. The claim of

appellants in this regard was traversed by appellee.

The court at the trial instructed the jury on the issue of negligence of appellants in the operation of the automobile, the issue of contributory negligence of the transportation company in the operation of the bus, and on the subject of comparative negligence. It defined by instruction to the jury negligence, ordinary care, contributory negligence, proximate cause, slight negligence, and gross negligence. The trial of the issues resulted in a verdict for appellee in the sum of $2,541.92. Judgment was entered for this amount with interest from the date of the verdict, December 18, 1952. The court on February 25, 1953, on motion of appellee, found that the amount awarded it by the verdict should bear interest from the date it paid its assured, October 22, 1947, the sum of $5,083.74; modified the judgment accordingly; and adjudged that appellee have judgment for $2,541.92 with interest from October 22, 1947.

The date when interest should commence is the only issue presented by this appeal.

In this case not only was the liability, if any, of appellants required to be established, but any amount owing by them to appellee was unliquidated. Neither of these could be known until a decision was had in the suit. The amount appellee paid its assured was known. It was stated in and claimed by the petition but whether or not appellants were legally liable for any or all of it was a subject of reasonable controversy and was not and could not be determined until a trial of the issues made by the claims of the parties. These included whether or not the damage to the bus resulted wholly from negligence of appellants; whether or not the collision and resulting injury and loss were proximately caused by negligence of the operator of the bus; or whether or not the accident and damage were caused by negligence of both the bus driver and appellants. Likewise if appellants and the transportation company

were negligent the degree and effect of the negligence of each had to be resolved before liability of appellants to appellee could be known. If a claim for damage is a matter of reasonable controversy, unliquidated, incapable of being fixed by computation, and may only be ascertained by agreement of the parties concerned or by legal action, recovery of interest may be had only from the date of the determination of the right of recovery and the ascertainment of the amount of the liability of the debtor. In McKain v. Platte Valley Public Power & Irr. Dist., 151 Neb. 497, 37 N. W. 2d 923, it is said: "Recovery of interest on an unliquidated claim, the subject of reasonable controversy, and incapable of being fixed by computation, may be had only from the date of the determination of the right of recovery and the ascertainment of the amount." See, also, Smith v. Platte Valley Public Power & Irr. Dist., 151 Neb. 49, 36 N. W. 2d 478. This court has recognized that in order to recover interest there must be a determinate amount which could have been tendered and interest thereby stopped; the amount of the claim must be known and determined, or readily determinable. Gee v. City of Sutton, 149 Neb. 603, 31 N. W. 2d 747. See, also, 47 C. J. S., Interest, § 19, p. 30.

Appellee contends that decisions of this court prior to those referred to above justify the conclusion of the district court in reference to the allowance of interest in this case. The doctrine of the cases referred to is: That interest is recoverable for damage occasioned by injury to or destruction of property if the damages are capable of being definitely ascertained or "where they (damages) are mathematically computed from data furnished by the evidence," as in that case "the difference between what it would have cost the plaintiff to procure and furnish the gravel according to contract and the contract price." Parkins v. Missouri P. Ry. Co., 76 Neb. 242, 107 N. W. 260. That "Interest on demands based on market values susceptible of easy proof is recover-

able in actions ex delicto." Missouri, Kansas & Texas Trust Co. v. Clark, 60 Neb. 406, 83 N. W. 202. It may also be observed that the opinion in that case states that Fremont, E. & M. V. R. R. Co. v. Marley, 25 Neb. 138, 40 N. W. 948, 13 Am. S. R. 482, confidently relied upon by appellee as controlling here, announced and was governed by the rule last quoted. These decisions are distinguishable but may not be considered inconsistent with the rule first above quoted.

The argument of appellee assumes "that the amount of the damage to the bus was fixed" and could not be disputed by the appellants; and that because there is no bill of exceptions no consideration can be given to the fact that there was an issue of negligence and contributory negligence, and that the doctrine of comparative negligence was applicable to the case. Appellee has misconceived the effect of the failure to furnish a bill of exceptions. It has frequently been decided that in the absence of a bill of exceptions, no question will be considered, a determination of which requires an examination of evidence produced at the trial, that it is presumed that an issue of fact raised by the pleadings was sustained by the evidence, and that it was correctly determined. Wabel v. Ross, 153 Neb. 236, 44 N. W. 2d 312; State ex rel. Wright v. Barney, 133 Neb. 676, 276 N. W. 676; Cozad v. McKeone, 149 Neb. 833, 32 N. W. 2d 760.

In this case the liability of appellants to appellee for any part of the claim involved had not been ascertained. The damages claimed were unliquidated and were incapable of determination with reference to the ordinary standards, such as calculation and market value. There was no data from which the liability could be fixed without judicial intervention. There was reasonable controversy affecting the subject of the litigation. There was no known or ascertainable amount before the verdict which appellants could have tendered or paid appellees. The judgment should have been for the amount

of the verdict with interest at 6 percent per annum from its date, December 18, 1952.

The part of the judgment allowing "interest from October 22, 1947 at the rate of 6 per cent per annum on the sum of $2541.92" should be and it is reversed and vacated, and it should be and is adjudged that the judgment for $2,541.92 in favor of appellee shall draw interest at 6 percent per annum from December 18, 1952. The judgment in all other respects should be and it is affirmed. The costs of this appeal should be and are taxed to appellee.

AFFIRMED AS MODIFIED.