SOCONY MOBIL OIL COMPANY, Inc.,
Plaintiff,

v.

George E. KLAPAL, Defendant,
and

American Casualty Company, Defendant
and Third-Party Plaintiff,

v.

FREMONT CONTRACTORS, INC., and
United Benefit Fire Insurance Company, Third-Party Defendants.

Civ. No. 247 L.

United States District Court
D. Nebraska.

May 4, 1962.

C. Russell Mattson, Lincoln, Neb., for plaintiff.

Donald Lay and Leo Eisenstatt, Omaha, Neb., for defendant Klapal.

A. C. Sidner, Fremont, Neb., for third-party defendant Fremont Contractors, Inc.

VAN PELT, District Judge.

In this action Socony Mobil Oil Co., Inc., plaintiff, brought suit against defendant, George E. Klapal, to recover on account for materials furnished in the nature of fuel oils, gasoline, grease, lubricants and the like. The complaint prayed judgment for $11,201.46. There was no dispute between the parties that $8,384.11 of that amount was owing plaintiff. The remaining amount of $2,817.35, however, was disputed, defendant asserting that the diesel fuel furnished making up that amount did not meet the contract standards or was otherwise defective. Defendant interposed a counterclaim based upon breach of contract and breach of warranties in which he sought to recover for damages caused him by use of the fuel which was furnished under the disputed amount. After a lengthy trial the court submitted the issues to a jury and a verdict for plaintiff was returned in the amount of $8,384.11 without interest

pursuant to the court's instructions. The jury found in favor of defendant upon his counterclaim in the amount of $162,-119.83 without interest. Pursuant to agreement of counsel all matters relating to interest were reserved for determination by the court.

Certain questions relating to the entry of judgment upon the jury's verdict have been submitted to the court. These questions relate to the allowance and computation of interest, if any. The defendant contends that he is entitled to interest from January 1, 1960; plaintiff contends that it is entitled to interest from June 26, 1959.

The Nebraska statute relating to interest provides:

"45–104 *Interest; other contract obligations*. On money due on any instrument in writing, or on settlement of the account from the day the balance shall be agreed upon, on money received to the use of another and retained without the owner's consent, express or implied, from the receipt thereof, and on money loaned or due and withheld by unreasonable delay of payment, interest shall be allowed at the rate of six per cent per annum. Unsettled accounts between parties shall bear interest after six months from the date of the last item thereof."

It is undisputed that the last item of merchandise furnished by plaintiff to Klapal was furnished on December 26, 1958 and it therefore follows that if plaintiff is entitled to interest it would be from June 26, 1959. Both parties agree that the judgment interest rate in Nebraska is 6%. Both parties seem to agree that the law of Nebraska is controlling on the issue of interest. See Illinois Surety Co. v. John Davis Co., 244 U.S. 376, 37 S.Ct. 614, 61 L.Ed. 1206 (1917). This court concludes that the case of National Fire Ins. Co. v. Evertson, 157 Neb. 540, 60 N.W.2d 638, (1953) is controlling so far as interest on the verdict on the defendant's counterclaim is concerned. In that case a bus was damaged as a result of a collision with an automobile, and the plaintiff insurance company paid the bus company for repairs to the bus, taking an assignment of rights from the bus company against defendants. The insurance company sued the defendants, the owner and operator of the car respectively, for the amount paid by the insurance company. At the trial the insurance company prevailed and received a verdict of about one-half the amount which it had paid. The court found that the verdict should bear interest from the date the insurance company had paid its assured. This was modified on appeal, the Supreme Court holding that interest should run from the date of the verdict. The court stated the following rule:

"If a claim for damage is a matter of reasonable controversy, unliquidated, incapable of being fixed by computation, and may only be ascertained by agreement of the parties concerned or by legal action, recovery of interest may be had only from the date of the determination of the right of recovery and the ascertainment of the amount of the liability of the debtor." 157 Neb. at 543, 60 N.W.2d at 639.

It is further said in the National Fire case:

"In this case the liability of appellants to appellee for any part of the claim involved had not been ascertained. The damages claimed were unliquidated and were incapable of determination with reference to the ordinary standards, such as calculation and market value. There was no data from which the liability could be fixed without judicial intervention. There was reasonable controversy affecting the subject of the litigation. There was no known or ascertainable amount before the verdict which appellants could have tendered or paid appellees."

The court must therefore determine whether Klapal's claim was a matter of reasonable controversy, unliquidated, incapable of being fixed by computation

and whether it could be ascertained only by agreement of the parties or by legal action.

In this case its is interesting to note that at the trial there was testimony that on one occasion near the beginning of the controversy defendant stated that his damages amounted to $25,000.00; in his cross-complaint filed August 3, 1959 he claimed damages in the sum of $75,000.-00; in an amended counterclaim filed September 20, 1961 he claimed his damages were in the sum of $150,000.00; at the beginning of the trial he asked and was granted leave to amend the prayer of his amended counterclaim to ask damages in the sum of $228,000.00.

■ It thus seems quite evident that Klapal seemed to be having difficulty in computing the amount of his damages, and that the amount was a matter of reasonable controversy and unliquidated and that until the morning the trial opened Klapal was incapable of finally fixing the amount by computation. In this case it is to be observed that the jury's verdict on the counterclaim in the sum of $162,119.83 was a sum in excess of that prayed for by Klapal prior to the amendment made at the opening of the trial but considerably less than the prayer as then amended.

The court concludes from the foregoing that defendant Klapal is entitled to interest only from the date of entry of judgment. See 28 U.S.C.A. § 1961.

The court next turns to the question whether Socony-Mobil is entitled to interest on $8,384.11, the undisputed amount owed by Klapal to Socony for products other than those of which Klapal complained. Counsel for Klapal argue that because of the jury verdict in favor of Klapal on his counterclaim there is nothing owing Socony and there never was.

Counsel have not supplied any authority on the question, and the court has not succeeded in finding any Nebraska cases on the issue, which may be framed as follows:

Where suit is brought on an account for a liquidated amount, part of which is admitted and part disputed, and an unliquidated counterclaim is asserted of a larger amount, so that after verdict there is a net balance owing the defendant, is the plaintiff entitled to interest upon the undisputed portion of his claim?

The court has studied at length the available American authority, and will now proceed to its analysis of the issue. There are a number of rules pertinent to such a situation, and a brief comment upon them is in order.

### I. "Interest on the Balance" Rule

The general rule may be stated as follows:

"Ordinarily, where the amount of a demand is sufficiently certain to justify the allowance of interest thereon, the existence of a set-off, counterclaim, or cross claim which is unliquidated will not prevent the recovery of *interest on the balance of the demand* found due from the time it became due." 47 C.J.S. Interest § 19, p. 31. (Emphasis added.)

"[W]here the amount of a claim under a contract is certain and liquidated, or is ascertainable, but is reduced by reason of the existence of an unliquidated set-off or counterclaim thereto, interest is properly allowed on the balance found to be due, from the time it became due and was demanded, or suit commenced therefor, * * *." Annot., 89 A.L.R. 678 (1934). (Emphasis added.)

To facilitate the discussion the court has termed this doctrine the "interest on the balance" rule, and will attach similar labels to the other rules to be discussed.

### II. "Conversion of Liquidated Claim" Rule

The following quotation sets out the rule now being considered.

"[I]n some cases, where a liquidated demand is subject to reduction by virtue of an unliquidated claim, the balance due is deemed to be an

unliquidated sum on which interest is not recoverable." 47 C.J.S. Interest § 19, p. 32.

If the court were to apply either of the two rules just set out Socony-Mobil would not be entitled to interest. Since there is no balance owing, Socony would have nothing upon which interest could be awarded. Deerhurst Estates v. Meadow Homes, Inc., 64 N.J.Super. 134, 165 A.2d 543 (1960) illustrates the point that when the "interest on the balance" rule is applied but no balance remains there can be no interest awarded. In that case an unliquidated claim for damages for breach of warranty contained in a land contract was asserted, which was met by a counterclaim by the seller-mortgagee for a liquidated amount due on the note given by the buyer. When the smaller liquidated claim was set off from the larger unliquidated claim no balance remained, and the court held that the seller was not entitled to interest on its liquidated claim. The court said:

> "Where a claim under an agreement is certain and liquidated, but is reduced because of the allowance of an unliquidated set-off or counterclaim, interest may be allowed only on the balance due. * * * Meadow's liquidated claim has been entirely subsumed by the unliquidated right of Deerhurst arising out of the same transaction. Interest to Meadow in the form of damages was therefore properly disallowed." 165 A.2d at 554–555.

If the "conversion of liquidated claim" rule were applied the liquidated claim of Socony would be converted into an unliquidated claim by Klapal's assertion of an unliquidated counterclaim, and the Nebraska rule against the allowance of interest upon unliquidated claims would apply to bar interest. See, National Fire Ins. Co. v. Evertson, 157 Neb. 540, 60 N. W.2d 638 (1953).

### III. *"Interest on the Entire Claim" Rule*

The "interest on the balance" rule, while it appears to be applied as the general rule, is not applicable in every situation, and the rule now being considered must be considered an exception. There is well-reasoned case law holding that the plaintiff is entitled to interest on the entire amount of his claim when the counterclaim asserted is not directed at the plaintiff's claim. In Mall Tool Co. v. Far West Equip. Co., 45 Wash.2d 158, 273 P.2d 652 (1954) a manufacturer brought suit on open account for goods sold and delivered. The distributor cross-complained for damages for the violation of an exclusive dealership contract. It was held that the plaintiff-manufacturer was entitled to interest on the account notwithstanding the cross-claim. The court said that the "interest on the balance" rule applies only when the amount to which a defendant is entitled as a counterclaim or setoff is for "defective performance by the plaintiff, of the contract on which his liquidated or determinable claim is based." 273 P.2d at p. 663. The court cited as examples a case wherein suit was brought to recover the balance due on brick sold and a setoff was allowed for failure of some of the brick to meet the contract specifications, and a case in which suit was brought to recover the balance due on a contract of grading and grubbing wherein a setoff was allowed for failure to burn stumps and debris. In both instances interest was allowed on the balance. In allowing the manufacturer interest the court said:

> "[I]f Far West [distributor] were claiming that defective workmanship in the saws made them unsaleable or reduced their value, or resulted in a need for repairs to make them saleable or in other damage, we would have a basis for the application of the above rule. But Mall's (manufacturer] breach of its exclusive distributorship contract with Far West involved a separate (bilateral) feature of the contract and had nothing directly to do with the sale of goods, wares, and merchandise to Far West or the amount due therefor. The damages to which Far West is entitled for sales made in its protected.

territory would reduce the amount of the judgment which Mall is entitled to recover in this action, but those damages would not in any way affect Mall's right to interest prior to judgment on its claim for goods sold and delivered at an agreed price." 273 P.2d at p. 664.

A similar result was reached in Hunt Foods, Inc. v. Phillips, 248 F.2d 23 (9th Cir. 1957). An unliquidated claim was asserted for breach of a contract granting plaintiffs an exclusive distributorship. A liquidated counterclaim was asserted for an amount certain owing defendants on trade acceptances due from plaintiff. The judgment for plaintiffs for damages was greater than the judgment for the balance due on the trade acceptances, i. e. the unliquidated claim was larger than the liquidated claim. It was held that the defendants were entitled to interest on the trade acceptances from the date of their maturity. The court rejected the argument that since there was no balance owing on the trade acceptances it was proper to omit interest on it. A California statute provided that a person entitled to recover damages certain is entitled to interest from the time the right vested in him. The result of the case, however, was not based on the statute. Chief reliance was based on the Mall Tool decision, supra, the court saying that it was analogous and quoting that portion which has been set out above which says, in substance, that interest on the balance is applicable only when the setoff or counterclaim is for defective workmanship or other defective performance of the contract on which the liquidated claim is based.

Both the Mall Tool and Hunt Foods decisions relied upon the leading case of Hansen v. Covell, 218 Cal. 622, 24 P.2d 772, 89 A.L.R. 670 (1933), which allowed interest on the balance due a contractor after making deductions for defective workmanship. The court said:

"Where, therefore, in cases such as here presented, the deduction is for defective workmanship, or is otherwise of a character such as to constitute payment to the contractor, and on the theory that the contractor is entitled to interest only on such amount of the use of which he has been deprived during the period of default, the court may properly allow interest only on the balance found to be due after deduction of such offsets and payments. The reason is that to that extent only has the plaintiff been damaged." 24 P.2d at p. 776, 89 A.L.R. at p. 676.

Other illustrations of the typical application of the "interest on the balance" rule are Farrington v. Freeman, 251 Iowa 18, 99 N.W.2d 388 (1959) (suit by builder to foreclose mechanic's lien for unpaid balance due for erecting a house. Counterclaim for alleged defects and omissions. Held, builder was entitled to interest on the adjusted balance due from the time it became due) and Muller v. Barnes, 139 Cal.App.2d 847, 294 P.2d 505 (1956) (suit on note; counterclaim that one of the animals purchased and for which note was given was not as agreed upon. Held, plaintiff is entitled to interest on the balance.) For an instance in which the "interest on the balance" rule was applied even though the unliquidated claim was not related or connected to the liquidated claim, see Roddis Panel & Door Co. v. Cecil's, Inc., 145 F.Supp. 764 (W.D. S.C.1956).

By way of summarizing the "interest on the entire claim" rule it may be said that where the unliquidated setoff or counterclaim is not for defective workmanship or performance of the liquidated claim upon which suit is brought but arises out of a collateral matter the plaintiff is entitled to interest on the entire amount of his liquidated claim and not on the balance only.

IV. *"Counterclaim as a Discount" Rule*

Another rule entitling a plaintiff to interest upon his entire claim as opposed to interest only on the balance is the rule applied by the trial court in Hansen v. Covell, supra, that where the plaintiff's demand is liquidated he is given

interest on the full amount by treating the defendant's unliquidated demand as a discount and not as a payment. The rule is limited.

"The latter principle, however, appears to be applicable in cases where the claim for deduction could not be said to be demandable at the time when the original liquidated claim became due, but was rather the proper subject of a counterclaim for damages than of an offset in the nature of a payment." 24 P.2d at p. 776, 89 A.L.R. at p. 675.

In determining which of the above rules is applicable to the instant case the court must first examine the nature of the respective claims. In that portion of this memorandum denying interest to Klapal the court has already indicated that his counterclaim is unliquidated. In addition, it is not related to the liquidated sum of $8,384.11; rather, it arises from the damage caused by the defective fuel, the payment for which Klapal contested. The counterclaim does not seek a reduction of the $8,384.11 for any defects in the products supplied under that figure. In other words, the complaint of Socony is severable into two portions—one portion is disputed and the other is undisputed. The counterclaim arises out of the disputed portion of the claim and seeks redress for damages caused by fuels furnished under the disputed portion of the claim. The undisputed portion of the claim stands as a separate item unrelated to the disputed portion of the claim and to Klapal's damages. Of course, Socony is not entitled to interest on the remaining amount of its claim and does not make that request. As to that portion the "interest on the balance" rule would properly apply since the counterclaim is for defective performance of that portion, and, no balance remaining, there could be no interest.

The conclusion is that the "interest on the balance" rule does not apply to prevent Socony from being allowed interest on the $8,384.11 since the counterclaim is not for defective performance of that part of the claim which is liquidated and undisputed. Nor would it seem logical to apply the "conversion of liquidated claim" rule to hold that Socony's entire claim was unliquidated. This would be directly contrary to the admissions of Klapal that it was a liquidated and undisputed claim. As pointed out in the Mall Tool case, supra, quoting from McCormick on Damages, 213, § 54:

"'It would seem that the existence of a dispute over the whole or part of the claim should not change the character of the claim from one for a liquidated, to one for an unliquidated, sum, and this conclusion finds support in the cases. * * *

"'* * * In short, it is the character of the claim and not of the defense that is determinative of the question whether an amount of money sued for is a "liquidated sum."'" 273 P.2d at p. 660.

Moreover, mutual debts do not extinguish each other by mere operation of law. 80 C.J.S. Set-Off and Counterclaim § 58, p. 115. Nor should the creditor's right to interest on a liquidated amount be defeated by the assertion of an unliquidated counterclaim. See Hansen v. Covell, supra. The court concludes that it would be improper to deny Socony interest on the theory that its claim was unliquidated.

It would thus appear that the proper rule to be applied is the "interest on the entire amount" rule, which is used when the counterclaim is not directed at or related to the plaintiff's liquidated demand. Since this rule does not depend for its application upon the existence of any balance owing the plaintiff the absence of such a balance is immaterial to the question. Hunt Foods v. Phillips, supra. Thus, the court shall allow interest under this theory to Socony upon the entire amount of its undisputed claim which shall be added to the $8,384.11 before making the offset.

Judgment is being entered this day pursuant to the foregoing findings.